*Yookel, Inc. v. U.S. Steel Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand twenty-three.

PRESENT:

> BARRINGTON D. PARKER,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

YOOKEL, INC.,

> *Plaintiff-Appellant*,

v.                                                                                  No. 22-655

UNITED STATES STEEL CORPORATION,

> *Defendant-Appellee.*[*]

———————————————————————

———————————

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant:          NICHOLAS   VELIKY   (Avery   S.
                                  Mehlman, Shivani Poddar, *on the
                                  brief*), Herrick, Feinstein LLP, New
                                  York, NY.

For Defendant-Appellee:           CHRISTOPHER  J.  POTTMEYER,  Jones
                                  Day, Pittsburgh, PA (Roy A. Powell,
                                  Jones Day, Dallas, TX, *on the brief*).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Yookel, Inc. ("Yookel") appeals from the district court's grant of a motion for judgment on the pleadings after finding that Yookel did not plausibly allege claims for breach of contract, declaratory judgment, unjust enrichment, and fraudulent inducement against United States Steel Corporation ("U.S. Steel"). Yookel alleges that U.S. Steel fraudulently induced Yookel to enter into two agreements (the "Real Estate Agreement" and "Rail Easement"), which give Yookel access to a railroad system that services industrial warehouses at the Keystone Industrial Port Complex ("KIPC"), by failing to disclose that Yookel and its lessee could be subject to demurrage fees charged by railyard operator

Consolidated Rail Corporation ("Conrail") and its parent company, CSX Transportation, Inc. ("CSX"). On appeal, Yookel principally argues that its allegations were sufficiently plausible to survive U.S. Steel's motion and that the court's issuance of a judgment on the pleadings *with prejudice* improperly deprived Yookel of its right to amend its complaint. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review de novo a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (internal quotation marks omitted). On a Rule 12(c) motion, "we draw all reasonable inferences in the plaintiff's favor" to determine whether the plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

We agree with the district court that Yookel's claims cannot withstand U.S. Steel's Rule 12(c) challenge.[1] Starting with the breach-of-contract claim, we note that Pennsylvania law is clear that when a contract is unambiguous – meaning "it

---

[1] For the reasons discussed in the district court's thorough and well-reasoned opinion, we are governed by New York's choice-of-law rules, and therefore apply Pennsylvania substantive law to Yookel's breach-of-contract and declaratory-judgment claims and New York substantive law to Yookel's fraudulent-inducement and unjust-enrichment claims. Sp. App'x at 7–11.

is [not] reasonably susceptible of different constructions and capable of being understood in more than one sense," *Hutchison v. Sunbeam Coal Corp.*, 519 A.2d 385, 390 (Pa. 1986) – "the intent of the parties is to be ascertained from the document itself," *Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004).

Here, the Real Estate Agreement and Rail Easement are unambiguous and lend themselves to only one reasonable interpretation.  Under the express terms of the agreements, U.S. Steel granted Yookel "irrevocable, non-exclusive rights for rail access[] and railroad staging," App'x at 481 (Real Estate Agreement § 1.01), "subject to [the] rights of other owners, tenants[,] and occupants at the KIPC, and to [U.S. Steel's] rights and [those of U.S. Steel's] agents, assignees, carriers, contractors[,] and all other persons lawfully using the Ancillary Rights," *id.* at 482 (Real Estate Agreement § 1.01(A)).  As part of this arrangement, Yookel agreed to pay an annual maintenance fee.  *Id.* at 482 (Real Estate Agreement § 1.01(B)).  In return, U.S. Steel agreed to "maintain the Common Area Rail Lines that service the Premises," *id.*, and to keep the rails in "good working condition," *id.* at 239 (Rail Easement § 1(D)(c)).  In other words, the quid pro quo was straightforward: Yookel agreed to pay an annual maintenance fee and U.S. Steel promised to maintain the Common Area Rails.

Yookel alleges that U.S. Steel breached the maintenance-fee provision of the Real Estate Agreement because CSX assessed demurrage fees against Yookel's lessee. According to Yookel, it is entitled to reimbursement of the demurrage fees because "Yookel . . . understood that it was only required to pay [U.S.] Steel the Maintenance Fee in connection with its use of the Common Area Rails[] and was not responsible for any other fees." *Id.* at 55 ¶ 45. We disagree.

It is undisputed that section 1.01 of the Real Estate Agreement covers fees for maintenance services only, and makes no reference to the myriad fees that Yookel and its lessee might otherwise incur. Yookel would have us transform the maintenance-fee provision into an insurance policy for any and all fees that Yookel and its lessee might be charged, or a representation or warranty from U.S. Steel that no other fees would apply to Yookel's use of the Common Area Rails. But Yookel never bargained for these contractual protections. Pennsylvania courts have repeatedly and consistently held that when – as here – "a contract fails to provide for a specific contingency, it is silent, not ambiguous[,] [and] [i]n such circumstances, we will not read into the contract a term, . . . which clearly it does not contain." *Seven Springs Farm, Inc. v. Croker*, 748 A.2d 740, 744 (Pa. Super. Ct. 2000) (citation omitted), *aff'd*, 801 A.2d 1212 (Pa. 2002); *see also Steuart v. McChesney*,

444 A.2d 659, 662 (Pa. 1982). Accordingly, we agree with the district court that "the plain language of the Real Estate Agreement does not entitle Yookel to recoup demurrage fees from U.S. Steel" and that "[j]udgment on the pleadings [was] thus appropriately granted to U.S. Steel on Yookel's breach[-]of[-]contract claim." Sp. App'x at 19.

For largely the same reasons, Yookel also fails to allege a plausible declaratory-judgment claim. Yookel first seeks a declaration – based on the silence of the Real Estate Agreement and Rail Easement as to nonmaintenance fees – that U.S. Steel is obliged to reimburse Yookel for demurrage fees. But once again, under Pennsylvania law, we cannot transform silence into an affirmative obligation on U.S. Steel's part to pay these nonmaintenance fees. *See Seven Springs Farm*, 748 A.2d at 744; *Steuart*, 444 A.2d at 662. Yookel also seeks a declaration announcing that it need not pay the maintenance fee in light of U.S. Steel's breach of the Real Estate Agreement. But because we find that U.S. Steel has fully performed under the Real Estate Agreement, we discern no material breach of the contract that would justify a declaration absolving Yookel of its obligation to pay the agreed-upon maintenance fee. *See McCausland v. Wagner*, 78 A.3d 1093, 1101 (Pa. Super. Ct. 2013) (explaining that "the non-breaching party is relieved from

any obligation to perform" only "[i]f a breach constitutes a material failure of performance").

Yookel's unjust-enrichment claim is likewise untenable. Under New York law, an unjust-enrichment claim lies where a "defendant has obtained a benefit [that] in equity and good conscience should be paid to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) (internal quotation marks omitted). "[B]ut unjust enrichment is not a catchall cause of action to be used when others fail," nor is it "available where it simply duplicates, or replaces, a conventional contract . . . claim." *Id.* (citations omitted). Here, Yookel's unjust-enrichment claim merely asserts that "[U.S.] Steel was enriched at Yookel's expense by avoiding payment of the Demurrage Fees." App'x at 66 ¶ 117. It is therefore entirely duplicative of Yookel's contract claim.

Yookel has also failed to plausibly allege a viable claim for fraudulent inducement. Yookel's main argument here is that U.S. Steel fraudulently "induce[d] Yookel to enter into the Real Estate Agreement," Yookel Br. at 26, through its "intentional omission of information concerning its relationship with Conrail," *id.* at 27. In particular, Yookel claims that it "had no way of learning about the full extent of [U.S.] Steel's relationship with Conrail outside of disclosure

from either [U.S.] Steel or Conrail," *id.* at 26–27, and that "Yookel had no reason to believe that demurrage fees would apply to the privately held [rail yard at KIPC]," *id.* at 27.  But an omission is actionable only if there is a duty to disclose, either because a fiduciary relationship exists or because "one party possesses superior knowledge, not readily available to the other."  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 13 F.4th 247, 263 (2d Cir. 2021) (internal quotation marks omitted); *accord Jana L. v. W. 129th St. Realty Corp.*, 802 N.Y.S.2d 132, 134–35 (1st Dep't 2005).  Neither of those situations is implicated here.

First, Yookel pleads no facts alleging that U.S. Steel and Yookel had a fiduciary relationship, which is not "normally present" in an "arm's[-]length business transaction[]."  *Oddo Asset Mgmt. v. Barclays Bank PLC*, 19 N.Y.3d 584, 592–93 (2012) (internal quotation marks omitted).  Second, while Yookel invokes the essential-facts doctrine, the possibility that Conrail would charge demurrage fees was not "peculiarly within the knowledge" of U.S. Steel and, in any event, "could have been discovered . . . through the exercise of ordinary intelligence."  *Jana*, 802 N.Y.S.2d at 135 (alteration and internal quotation marks omitted).  Indeed, demurrage fees are governed by federal laws and regulations to which Yookel had ready access.  *See, e.g.*, 49 C.F.R. § 1333.3.  Yookel also knew that it was

required to use U.S. Steel's designated "switching carrier," App'x at 481 (Real Estate Agreement § 1.01), and that Conrail was responsible for "keep[ing] and maintain[ing] the Rail System in unobstructed, good working condition" for U.S. Steel pursuant to an operating agreement, *id.* at 239 (Rail Easement § 1(D)(c)). Lastly, Yookel was aware that its rights to the Common Area Rails were subject to the rights of others. *See id.* at 482 (Real Estate Agreement § 1.01). Accordingly, because U.S. Steel had no duty to disclose the details of the arrangements between U.S. Steel and Conrail, Yookel has not alleged a plausible fraudulent-inducement claim.

Yookel finally argues that it was reversible error for the district court to grant judgment on the pleadings *with prejudice*, thereby depriving Yookel of the opportunity to amend its complaint. But Yookel never moved to amend its complaint, and "no court can be said to have erred in failing to grant a request that was not made." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011). Further, our precedent is clear that "[a] plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). Here, both in the district court and on appeal,

Yookel has offered "no new facts or arguments that could lead the court to find that" Yookel plausibly alleges claims for breach of contract, declaratory judgment, unjust enrichment, or fraudulent inducement.  Sp. App'x at 28–29.

For these reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court